IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yvonne Williams, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| United States Office of Personnel Management and Kiran Ahuja in her Official Capacity as Acting Director of the United States Office of Personnel Management, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Yvonne Williams, by and through the undersigned, complaining of the above-named Defendants, would respectfully show and allege unto this Honorable Court as follows:

## NATURE OF ACTION

1.   This is a 5 CFR Part 839 claim for correction of retirement plan errors under the Federal Erroneous Retirement Coverage Corrections Act and pursuant to 28 U.S.C. § 2675.

## THE PARTIES

2.   That the Plaintiff, Yvonne Williams ("Plaintiff Jackson"), is a citizen and resident of the County of Horry, State of South Carolina and was a resident of said county at the time of the incidents described herein.

3.   Defendant United States Office of Personnel Management (OPM) is a government entity created pursuant to federal law to provide policy direction and leadership in designing, developing, and promulgating Government-wide human resources systems, programs, and policies that support the current and emerging needs of federal agencies.

4.     Defendant Kiran Ahuja is Acting Director of the United State Office of Personnel Management (OPM Director). As Acting Director, Ms. Ahuja is responsible for executing, administering, and enforcing civil service laws and regulations, including federal government employees' retirement programs and correcting errors in said programs when discovered. The Acting Director is sued solely in her official capacity.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction).

6.     Venue lies in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7.     Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim;

8.     Plaintiff was employed with the United States Patent and Trademark Office in Alexandria, Virginia.

9.     Pursuant to the information contained in Plaintiff's Personnel File, Defendant OPM placed Plaintiff in the inappropriate retirement plan.

10.     During Plaintiff's employment with the United States Government, Plaintiff was listed as a participant of the Civil Service Retirement System (CSRS).

11.     Upon retirement, Plaintiff was placed in the Federal Employees Retirement System (FERS).

12.     Further, Plaintiff unjustifiably had thirteen (13) years of service removed from her employment with the United States Government.

13.    Due to the above-stated errors, Plaintiff unjustifiably had monies withheld from her retirement disbursements.

## FOR A FIRST CAUSE OF ACTION

14.    Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

15.    Pursuant to 5 CFR Part 839, OPM must correct retirement coverage errors under the Federal Erroneous Coverage Corrections Act.

16.    Defendant has a duty to respond to and correct errors regarding erroneous retirement placements.

17.    Plaintiff has made attempts to contact OPM to place Plaintiff in the correct retirement plan, return Plaintiff's thirteen years of service (13) and reimburse her for monies lost.

18.    To date, Defendant has failed to respond to any of Plaintiff's requests.

19.    By failing to correct the errors after repeated requests, Defendant has caused Plaintiff to suffer and continue to suffer hard.

20.    Plaintiff is informed and believes she is entitled to injunctive relief including but not limited to placing her into the correct retirement plan and reinstating her 13 years of removed service.

21.    Plaintiff is informed and believes she is entitled to disbursement of the monies withheld and all monies expended for out-of-pocket expenses as outlined in the OPM's manual.

22.    Plaintiff is informed and believes she is entitled to judgement for the damages she has suffered as a result of Defendants' actions.

    **WHEREFORE**, the Plaintiff prays for a trial by jury and for the following relief:

i.       Injunctive relief requiring Defendants to correct their error and place

Plaintiff in the correct retirement plan and reinstate her thirteen (13) years

of removed service;

ii.      Disbursement of monies withheld, and monies expended for out-of-pocket

expenses as outlined in the OPM's manual;

iii.     Additional damages suffered by Plaintiff pursuant to 28 U.S.C. § 2675;

iv.       For reasonable attorneys' fees and cost; and

v.      For such other and further relief as this Court deems necessary, just and

proper.

RESPECTFULLY SUBMITTED this 26 January 2024.

<div style="margin-left:40%">

*s/Lauren K. Anderson*
Ralph J. Wilson, Jr., Fed ID No. 10416
Lauren K. Anderson, Fed ID No. 13258
Ralph Wilson Law, PC
1503 N. Kings Hwy
Myrtle Beach, South Carolina 29577
PO Box 349
Myrtle Beach, South Carolina 29578
(Phone) 843-488-1013
(Fax)   843-488-1014
Attorney@ralphwilsonlaw.com
*Attorneys for Plaintiff*

</div>

Myrtle Beach, South Carolina